UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLDO VALENCIA
VALDOVINOS,

                Petitioner,

    v.

TODD BLANCHE, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00706-GJL

ORDER DENYING PETITION FOR
HABEAS CORPUS

Petitioner Arnoldo Valencia Valdovinos is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On February 27, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention and injunctive relief. *Id.*

Respondents to the Petition include Todd Blanche (Acting U.S. Attorney General), Markwayne Mullin (U.S. Department of Homeland Security ("DHS") Secretary), Todd Lyons (Acting ICE Director), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field

REPORT AND RECOMMENDATION - 1

Office), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").[1] The Petition has been fully briefed. Dkts. 1, 6, 9. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

Having considered the parties' submissions, the balance of the record, and the governing law, the Petition is **DENIED without prejudice.**

## I.   FACTUAL BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States for the first time in 1991 without being admitted or inspected.[2] Dkt. 7 at ¶ 3. In 1999, Petitioner was convicted of Delivery of a Controlled Substance in Washington Superior Court in Benton County.[3] *Id.* at ¶ 4. On September 14, 1999, Petitioner was served a Notice of Intent to Issue a Final Administrative Removal Order, and he was subsequently removed to Mexico. *Id.* at ¶ 5.

Following his initial removal, Petitioner re-entered the United States at an unknown time and place. *Id.* at ¶ 6. On March 6, 2000, Petitioner was ordered removed in a Final Administrative Removal Order issued in Seattle, Washington, and was removed to Mexico the next day. *Id.*

On April 10, 2000, Petitioner applied for admission into the United States in or near San Ysidro, California, while presenting a U.S. birth certificate that did not belong to him. *Id.* at ¶ 7. Petitioner was served a Notice and Order of Expedited Removal pursuant to 8 U.S.C. §

---

[1] The Petition lists Pamela Bondi, former United States Attorney General, Kristi Noem, former Secretary of United States Department of Homeland Security, and Laura Hermosillo, former Acting Field Office Director for ICE's Seattle Field Office, as Respondents. The above-listed Respondents have been substituted under Federal Rule of Civil Procedure 25(d).

[2] The Court notes there are numerous discrepancies between the factual summaries in the Petition and the Return. However, in the Traverse, Petitioner explicitly agrees with the Respondents' recitation of the facts. Dkt. 9 at 1. Accordingly, the Court relies upon the facts set forth by the Respondents in the Return and accompanying declarations herein.

[3] Petitioner successfully vacated his 1999 conviction on December 19, 2023. *Id.* at ¶ 4.

REPORT AND RECOMMENDATION - 2

1225(b)(1) and 8 U.S.C. § 1182(a)(6)(C)(ii) of the Immigration and Nationality Act ("INA"). *Id.* at ¶ 8. Petitioner was removed to Mexico later that day. *Id.*

On April 19, 2000, Petitioner re-entered the United States in or near Tecate, California, without being admitted or inspected. *Id.* at ¶ 9. INS served Petitioner with a Notice of Intent and Decision to Reinstate Prior Order on or around April 21, 2000, pursuant to Section 241(a)(5) of the INA and CFR 241.8. *Id.* Petitioner was granted Voluntary Return and removed to Mexico that day. *Id.*

Petitioner re-entered the United States at a later unknown time and place, and he was subsequently convicted of disorderly conduct in Pasco, Washington, on August 6, 2005. *Id.* at ¶ 10. Approximately ten years later, Petitioner was arrested by the Pasco Police Department for domestic violence assault on August 2, 2015. *Id.* at ¶ 11. This charge was dismissed. *Id.*

On June 24, 2022, Petitioner was arrested by ICE officers in a targeted enforcement operation in Pasco, Washington. *Id.* at ¶ 12. Petitioner was transferred to NWIPC, and his prior removal order from March 6, 2000, was reinstated on June 28, 2022. Dkt. 8-1. Petitioner claimed fear of returning to Mexico, and DHS referred Petitioner to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. Dkt. 7 at ¶ 12.

On July 25, 2022, USCIS referred Petitioner to the immigration court after finding he had a credible fear of persecution if he returned to Mexico. *Id.* ICE released Petitioner from NWIPC on December 29, 2022, on an Order of Supervision ("OSUP") with specified conditions of release. Dkt. 8-4. On March 7, 2023, Petitioner filed a Form I-589 asylum, withholding of removal, and convention against torture application with the immigration court in Seattle, Washington. Dkt. 7 at ¶ 13.

//

REPORT AND RECOMMENDATION - 3

On August 7, 2025, Petitioner reported to the ICE office in Richland, Washington. *Id.* at ¶ 14. DHS took Petitioner into custody and served him with a Warrant for Arrest of Alien pursuant to Sections 236 and 287 of the INA based on the "pendency of ongoing removal proceedings against the subject." *Id.* The Form I-213 accompanying Petitioner's arrest indicates Petitioner had failed to notify DHS of his changed address. Dkt. 8-2 at 4; Dkt. 8-4. After initial processing, Petitioner was transferred to NWIPC. Dkt. 8-2 at 5.

On September 8, 2025, Petitioner filed a motion to continue his withholding-only merits hearing that was scheduled for that day. Dkt. 7 at ¶ 15. The immigration judge ("IJ") denied the motion but rescheduled the hearing for September 23, 2025. *Id.* On September 26, 2025, the IJ denied Petitioner's Form I-589 application. *Id.* at ¶ 16. Petitioner appealed the decision to the Board of Immigration Appeals, and his appeal remains pending. *Id.*

On January 27, 2026, DHS filed a bond redetermination request with the immigration court. *Id.* at ¶ 17. The immigration court set Petitioner's bond hearing on February 4, 2026, and Petitioner filed a motion to continue the hearing on February 2, 2026. *Id.* at ¶¶ 17, 18. The IJ granted Petitioner's motion and continued the hearing until February 10, 2026. *Id.* at ¶ 18. At the bond hearing, the IJ denied bond after determining Petitioner posed a danger to the community and a flight risk. *Id.* at ¶ 19. Petitioner reserved appeal of the IJ's bond decision, and his appeal remains pending at this time. Dkt. 6 at 6; Dkt. 7 at ¶ 19.

## II.    PROCEDURAL BACKGROUND

Petitioner initiated this action on February 27, 2026, by filing a federal habeas Petition challenging the revocation of his OSUP and his re-detention. Dkt. 1. On March 16, 2026, Respondents filed a Return arguing that the Petition should be denied as Petitioner is lawfully

REPORT AND RECOMMENDATION - 4

detained under 8 U.S.C. § 1231(a) and that Petitioner has failed to demonstrate otherwise. Dkt. 6. On March 23, 2026, Petitioner filed a Traverse in support of the Petition. Dkt. 9.

The Petitioner alleges two grounds for federal habeas relief: (1) Respondents violated their own regulations by impermissibly revoking Petitioner's OSUP without cause and re-detaining him without notice and an opportunity to be heard, and (2) the unlawful re-detention violated Petitioner's right to due process under the Fifth Amendment.[4] He contends that the subsequent bond hearing does not cure these violations and that the only adequate remedy is immediate release from custody. Dkt. 9 at 5. He also seeks an injunction prohibiting Respondents from re-detaining Petitioner "unless they have executable travel documents to remove him from the United States and provide him with notice and a meaningful hearing before detaining him." Dkt. 1 at 7.

Respondents maintain that Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) is lawful following the IJ's discretionary bond determination. Dkt. 6 at 7. Respondents further contend that Petitioner has failed carry his burden to establish his re-detention was inconsistent with ICE's procedural regulations and due process. *Id.* at 10.

As discussed below, even assuming *arguendo* that Petitioner's June 2025 re-detention was made in violation of Respondents' regulations and due process, the IJ's subsequent discretionary detention decision provides an alternative legal basis for his detention. Petitioner does not separately challenge the lawfulness of that decision. As such, he has not carried his burden of demonstrating that his current detention is unlawful by a preponderance of the evidence and is thus not entitled to federal habeas relief. Furthermore, because the alleged due

---

[4] Given the duration of Petitioner's re-detention, Respondents have argued against a prolonged mandatory detention claim in the Return. However, the Traverse clearly states the Petition makes "no argument regarding the length of detention or the need for a bond hearing" but "raises only the illegality of the initial detention and the remedy for it." Dkt. 9 at 2. Thus, the Court limits its review accordingly.

REPORT AND RECOMMENDATION - 5

process violation has no effect on the availability of habeas corpus relief in this case, the Court declines to reach it.

### III. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain such relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In federal habeas proceedings, as in all federal court proceedings, courts must avoid reaching constitutional questions when a case can be resolved on nonconstitutional grounds. *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347, 56 S. Ct. 466, 483, 80 L. Ed. 688 (1936) (explaining that courts should avoid resolving a constitutional question "unless absolutely necessary to a decision of the case.") (internal citations and quotations omitted). Indeed, given Article III's prohibition on advisory opinions, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Thus, where a separate lawful basis for detention exists and is unchallenged by a petitioner, federal habeas relief must be denied and, in denying relief, courts must avoid resolving unnecessary issues of constitutional dimension.

//

//

REPORT AND RECOMMENDATION - 6

## IV.    DISCUSSION

To obtain habeas relief, Petitioner must demonstrate by a preponderance of the evidence that his detention is unlawful. *Davis*, 384 F.3d at 638. It is not enough to demonstrate that a legal violation occurred during the course of his detention. Instead, Petitioner must show that, given the alleged violations of law, the very fact or duration of his custody "is in violation of the Constitution or laws or treaties of the United States." *See Preiser*, 411 U.S. at 484. Petitioner has failed to meet this burden.

Petitioner does not contest he was ordered removed in 2000, his final order of removal was reinstated in 2022 when he was rearrested, and his detention is thus governed by 8 U.S.C. § 1231(a). Dkt. 9 at 1; *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 530–32 (2021) (detailing withholding-only procedures); *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831–33 (9th Cir. 2017) (holding that reinstated removal orders are administratively final for purposes of detention, even if there are ongoing withholding-only proceedings). Nor does the instant Petition challenge the IJ's decision to continue Petitioner's detention without bond based upon Petitioner's danger to the community and risk of flight.[5] Rather, Petitioner's habeas claims object solely to the method in which he was initially re-detained. *Id.* at 2 n.2.

Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged. *Singh v. Noem*, No. 2:26-cv-00304-GJL, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) (collecting cases); *see also Quintanilla v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00041-RSM, 2026 WL 621423, at *1 (W.D. Wash.

---

[5] Respondents indicate Petitioner reserved appeal of the IJ's bond determination to the BIA, but Petitioner has not raised any objections to the IJ's bond determination within the instant Petition or Traverse. *See* Dkt. 7 at ¶ 19.

REPORT AND RECOMMENDATION - 7

Mar. 5, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 WL 962609, at \*10 (W.D. Wash. Apr. 9, 2026). While courts have typically found post-deprivation process insufficient to avoid procedural due process violation at the moment of re-detention, a subsequent bond determination by an IJ is nevertheless legally relevant. *Singh*, 2026 WL 482389, at \*3; *but see Yang v. Scott,* No. 2:26-cv-00469-JNW, 2026 WL 632661, at \*3 (W.D. Wash. Mar. 6, 2026) (collecting cases holding due process requires pre-deprivation notice and a hearing before revoking a non-citizen's order of supervision and re-detaining them). The IJ's recent determination that Petitioner presents a danger to the community and a flight risk provides a separate basis for the "legality of [his] custody." *Preiser*, 411 U.S. at 484; *Guadarrama v. Scott*, No. 2:26-cv-00193-TMC, 2026 WL 507673, at \*2 (W.D. Wash. Feb. 24, 2026). Thus, "even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." *Singh*, 2026 WL 482389, at \*3; *Quintanilla,* 2026 WL 621423, at \*1.

Because Petitioner has not raised a separate legal challenge invalidating the IJ's decision to deny discretionary bond, that decision supplies the lawful basis for his current detention. Because Petitioner has not demonstrated by a preponderance of the evidence that "the fact or duration of his confinement" violates any law, *see Preiser*, 411 U.S. at 489, he is not entitled to federal habeas relief.

//

//

//

REPORT AND RECOMMENDATION - 8

## V.    CONCLUSION

For these reasons, the Petition, Dkt. 1, is **DENIED without prejudice**.


Dated this 22nd day of April, 2026.

_____
Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9